FILED
SUPERIOR COURT
OF GUAM

2020 AUG 29 PM 1: 02

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM, )
) CRIMINAL CASE NO.: CF0490-18
Plaintiff, )
vs. ) **DECISION AND ORDER RE:**
) **DEFENDANT'S MOTION *IN LIMINE***
) **RE: LATE DISCLOSURE OF**
JAMES BOI ELIAS, ) **WITNESSES AND DISCOVERY**
)
Defendant. )

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on James Boi Elias's ("Defendant") Motion *In Limine* Re: Late Disclosure of Witnesses and Discovery ("Motion") filed on June 15, 2020. Defendant is represented by Assistant Public Defender Zachary Taimanglo. The People of Guam ("People") did not file an Opposition, however, the Court must nevertheless consider the merits of the Motion.[1] Having considered the arguments set forth in the Motion and the applicable law, the Court holds that Defendant's Motion is **DENIED**.

//

//

---

[1] *See Petition of Quitigua v. Flores*, 2004 Guam 19 ¶ 27. Furthermore, pursuant to CR.1.1, as supplemented by CVR 7.1, the People's Opposition was due by July 13, 2020. No Opposition was filed by July 13, 2020.

## BACKGROUND

On August 13, 2018, Defendant is alleged to have assaulted an employee of the Sandcastle. The Magistrate's Complaint filed on August 14, 2018, alleges that Defendant kicked Sandcastle employee Billy Linos in the face and the throat. Defendant was then removed from the Sandcastle's property by Sandcastle employee Kristian Brayshaw ("Brayshaw"). Defendant returned shortly thereafter and approached Brayshaw and said, "I will shoot you in the head." Defendant's statement to Brayshaw was made while Defendant had one hand behind his back intimating he had a weapon in his possession. Brayshaw felt threatened by Defendant's statement due to the initial interaction between him and Defendant and the Defendant's body language. Based on the foregoing, Defendant was indicted in this matter with TERRORIZING (As a Third Degree Felony) and ASSAULT (As a Misdemeanor) on August 23, 2018.

On October 2, 2018, the Court issued a Criminal Trial Scheduling Order, which set a due date of February 25, 2019, for all motions and witness lists, a pre-trial conference date of April 2, 2019, and a jury selection and trial date of April 10, 2019. At the April 2, 2019, pre-trial conference, Defendant stated that the People had not provided discovery in accordance with the Criminal Trial Scheduling Order issued on October 2, 2018. As a result, Defendant requested the Court to vacate the April 10, 2019, trial date in order for the parties to resolve any issues regarding discovery. The Court granted Defendant's request and set a Criminal Trial Setting hearing on June 4, 2019.

Subsequent to the June 4, 2019, hearing, the Court issued a Second Criminal Trial Scheduling Order on June 11, 2019, which set a due date of April 27, 2020, for all motions and witness lists, a pre-trial conference date of June 2, 2020, and a jury selection and trial date of June 10, 2020. However, pursuant to Administrative Order 20-260, the June 10, 2020, trial date

was postponed.[2] On June 15, 2020, the Court held a Further Proceedings hearing to discuss new trial dates.[3] At the hearing, Defendant not only informed the Court of the untimely disclosure of the People's witness list but also that further discovery is still pending from the People, particularly videos and pictures of the alleged incident.[4] Defendant proceeded to object on the record to the People's untimely discovery of their witness list as well as potentially prejudicially late discovery in the form of pictures or videos of the incident. The Court noted Defendant's objection and instructed him to place any issues he has regarding discovery in writing. Furthermore, the Court ordered the People to disclose all discovery to Defendant within fourteen (14) days or otherwise file a statement with the Court showing why discovery was not turned over in that time.

Based on the Court's instructions at the June 15, 2020 hearing, Defendant filed the instant Motion on the same day as the hearing.

## DISCUSSION

Defendant moves this Court to sanction the People for their failure to adhere to the Court's discovery orders. Defendant requests the Court to impose the least severe sanction on the People. Defendant argues that the least severe sanction for the People's discovery order violations is for the Court to preclude the People from calling any witnesses disclosed after the

_____

[2] "Criminal and civil jury trials scheduled to be heard before August 1, 2020, are postponed pending further order of the applicable court, and in no event shall be heard before August 1, 2020. Where a jury trial is postponed because of this . . . Order . . . the parties may seek a conference with the court to address matters rising from the postponement." Adm. Ord. 20-260 (Jun. 3, 2020).

[3] At this hearing, the Court stated that all dates stated in the June 11, 2019, Criminal Trial Scheduling Order, still applied, except for the pre-trial conference date and the trial commencement date. To address the new pre-trial conference date and trial date, the Court issued a third Criminal Trial Scheduling Order on June 30, 2020. Pursuant to this third Scheduling Order, the Court set the matter for trial on February 17, 2021 with a pre-trial conference date of February 9, 2021.

[4] The Court notes that the People did provide Defendant with a witness list on May 28, 2020, which is thirty two (32) days after the Court's Second Criminal Trial Scheduling Order deadline of April 27, 2020, for witness disclosure.

Court's discovery deadlines and also to preclude the admission into evidence of any other untimely discovery.

When a valid court order is violated the court must determine whether a particular sanction is appropriate to remedy the infraction. *People v. Tuncap*, 1998 Guam 13 ¶ 23. If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with a court's criminal discovery order, the court may order such party to comply with the prior order, grant a continuance, or issue such order that it deems just under the circumstances. 8 GCA § 70.45. The appropriateness of the sanction rests in the court's discretion. *Tuncap*, 1998 Guam at ¶ 14 (citing *United States v. Gee*, 695 F.2d 1165, 1168 (9th Cir. 1983)). But the court must choose a sanction that is proportionate to the misconduct. *Id.* (citing *Gee*, 695 F.2d at 1168). The Court should impose the least severe sanction that would result in prompt and full compliance with the court's discovery orders. *Id.* (citing *United States v. Sarcinelli*, 667 F.2d 6, 7 (5th Cir. 1982).

When deciding the appropriateness of a sanction, the court uses the following factors: (1) reasons why the disclosure was not made; (2) the extent of the prejudice, if any, to the opposing party; (3) the feasibility of rectifying that prejudice by continuance; and (4) any other relevant circumstances. *Tuncap*, 1998 Guam ¶ 25 (citing *Sarcinelli*, 667 F.2d at 7). Defendant requests the Court to sanction the People by not allowing testimony of untimely disclosed witnesses and untimely disclosed evidence.[5] The Court finds that an analysis using the factors set forth in *Tuncap* is suitable to determine whether sanctions are appropriate.

---

[5] The Court notes Defendant is not moving for a dismissal. However, should the Motion be granted in full, it would have an effect similar to a dismissal due to the persons whose testimony would be excluded and the specific types of evidence that would be excluded.

Under the test set forth in *Tuncap*, the Court must first look at the People' reasons why their witness list was not made in a timely manner. The People did not file any written opposition to Defendant's Motion nor did they make any statements on the record at the June 15, 2020, hearing in response to Defendant's oral objections to the admission of any testimony from any untimely witness or the admission of any untimely evidence. The Court will not attempt to rationalize the People's failure to adhere to the Court's discovery orders. The Court finds that the People's failure to file a response or opposition in any manner is a factor that weighs in favor of a sanction.

The Court must next look at what is the extent of prejudice to Defendant. The Court finds that although the People did file their witness list untimely, the prejudice suffered by Defendant was minimal based on the date the instant matter is set for trial. Defendant is set to go on trial on February 17, 2021. Based on this date, Defendant will have more than a sufficient amount of time to prepare his defense with the People's current witness list in his possession. This factor weighs against a sanction.

The Court must next look at the feasibility of rectifying that prejudice by continuance. Defendant did not move for a continuance in this matter in order to prepare his case in chief based upon the People's violation of the Court's discovery orders. Should Defendant request a continuance due to People's violations, it would not be an issue. Trial is not scheduled to commence until February 2021 and Defendant waived his rights to a speedy trial on August 22, 2018. This factor weighs against a sanction.

The Court finds that although the People's untimely disclosure of their witness list did prejudice Defendant, under the circumstances, the prejudice did not rise to a level which

warrants a sanction. Therefore, the Court holds that exclusion of the persons on the People's witness list is not warranted at this time.

Turning to the issue of the evidence which had not yet been disclosed, while the Court recognizes that under normal and usual circumstances, an appropriate sanction could include exclusion; however, several intervening matters beyond anyone's control have added to further delay and potential delay of this trial. Of obvious priority on the list of intervening factors is the state of emergency declaration by the Governor of Guam which has, of the issuance of this Decision and Order, been extended to September 4, 2020.[6] Accompanying this Executive Order is the Administrative Order of the Guam Supreme Court, the latest of which tolls all filing deadlines until September 21, 2020.[7] Given several intervening factors beyond anyone's control and in light of Administrative Order 20-406, the Court **DENIES** Defendant's motion to exclude footage and other evidence; however,

IT IS HEREBY ORDERED that the People shall provide to Defendant by no later than September 21, 2020, all outstanding discovery demanded, including, but not limited to, any videos, photos or other recording of any type of the incident. Should the People fail to provide Defendant such material as ordered herein, the Court will exclude such evidence from being presented at the trial of this matter, regardless of the fact that the jury trial is scheduled to commence in 2021.

//

//

//

---

[6] Executive Order No. 2020-29 (Aug. 27, 2020).
[7] Administrative Order 20-403 at ¶ 15 (Aug. 28, 2020).

## CONCLUSION

For the reasons discussed above, Defendant's Motion is **DENIED**; however, the People are ORDERED to turn over to Defendant all outstanding discovery demanded, including, but not limited to, any videos, photos or other recording of any type of the incident. Failure to provide Defendant such material as ordered herein will result in sanctions including, but not limited to the exclusion of such evidence from the trial of this matter.

**SO ORDERED THIS** _____2 8 AUG 2020_____.

Original Signed by:
Honorable Maria T. Cenzon
_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

8/28/20

**Curtis M. Aulerio**
Deputy Clerk, Superior Court of Guam